UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
----------------------------------------------------------
DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,
                                        Plaintiff,

against

WIN YOUR RACE, LLC,  AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,
                                        Defendants.
------------------------------------------------------------

**NOTICE OF MOTION**

08 Civ. 8214 (CS)(GAY)  **ECF**

      ***PLEASE TAKE NOTICE*** that upon the accompanying Statement of Undisputed Facts pursuant to Local Rule 56.1 of the Local Rules for the Southern District of New York, dated October 30, 2009, the Declaration of Michael D. Diederich, Jr. affirmed October 30, 2009, with annexed exhibits, the Requests for Admission dated July 11, 2009, the *Pro se* Notice (separate), and the Plaintiff's Memorandum of Law dated October 30, 2009, and upon all of the pleadings and proceedings heretofore had herein, the Plaintiff herein hereby moves this Court before the **Hon. George A. Yanthis**, at the Charles L. Brieant Jr. United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, pursuant to the Court's briefing schedule established by order dated October 21, 2009,

        a) for an Order amending the caption to read "DIEDERICH FOR LEGISLATURE O/B/O MICHAEL DIEDERICH, JR. , AND MICHAEL DIEDERICH, JR.", and

        b) for an Order pursuant to Fed. R. Civ. P. 56(b), granting summary judgment in favor of Plaintiff in the sum of $128,000.00, and awarding him such other and further relief as the Court deems just and proper.

      ***PLEASE TAKE FURTHER NOTICE,*** that a copy of opposition papers, if any, must be served upon the undersigned on or before November 20, 2009, and your originals filed with the Court.

Dated: Stony Point, New York
      November 5, 2009

                    MICHAEL D. DIEDERICH, JR.
                    *Attorney Pro se   MD 2097*
                    361 Route 210
                    Stony Point NY  10980
                    (845) 942-0795

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
---------------------------------------------------------
DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,

                          Plaintiff,

                                              **STATEMENT OF**
                                              **UNDISPUTED FACTS**
                                              **(Local Rule 56.1)**

against

WIN YOUR RACE, LLC, AND                        08 Civ. 8214 (CS)(GAY)
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                          Defendants.
---------------------------------------------------------

        Pursuant to Local Rule 56.1 (a) of the United States District Court for the

Southern District of New York, Plaintiff Diederich for Legislature o/b/o Michael

Diederich, Jr., hereby asserts there is no genuine and material dispute to be tried as to the

following facts:

**A. Procedural History**

1.      On filed or about September 24, 2008, Plaintiff filed this action.  *See*, Docket
        Sheet.

2.      Defendant Ernest M. Wright appeared and answered *pro se* on behalf of himself
        individual and also for his company "Win Your Race LLC."   *See*, Declaration of
        Michael D. Diederich, Jr. dated October 30, 2009 ("*Diederich Decl.*") at ¶4.

**B.  Clarification of the Identity of Plaintiff Diederich as real party in interest**

3.      The body of the complaint, at paragraph 1,  indicates that "Michael D. Diederich,
        Jr." is the Plaintiff.  However, the caption indicates DIEDERICH FOR LEGISLATURE
        O/B/O  MICHAEL DIEDERICH, JR.  *See*, *Diederich Decl*. ¶ 3. ¶

4.      Plaintiff "Diederich for Legislature" is the campaign committee for Michael

Diederich, Jr., who filed such committee in his own name and is its sole treasurer.

*Diederich Decl*. ¶3

5.      It is Plaintiff Michael Diederich, Jr. who was, as a candidate for public office, the

individual personally damaged by Defendants' acts and omissions and who is the

real party in interest.    *Id.*

## C.  Defendants breach of contract

*Parties*

6.   Plaintiff for public office in 2007.  *Diederich Decl*. ¶2.

7.   Plaintiff contracted for advertising in connection with my 2007 race for the

Rockland county legislature, and my experience with the defendants herein.

*Diederich Decl*. ¶3.

8.   Although Defendant Ernest M. Wright (hereinafter "Defendant Wright")

answered the complaint, neither he nor Defendant Win Your Race LL (hereinafter

"Win Your Race") has responded to Plaintiff's discovery requests, nor answered

Plaintiff's Requests for Admissions.    *Diederich Decl*. ¶4.

9.   Defendant Wright is also known as "Mack Wright," and that he is the principal of,

and registered agent for, Defendant Win Your Race. *Diederich Decl*. ¶6.

10. It further appears clear that Defendant Wright operates Win Your Race as

essentially a sole proprietorship.    *Diederich Decl*. ¶7.

11.     Although Win Your Race was incorporated in the State of Florida, Win Your

Race has not been maintained by Defendant Wright as a an active corporate

entity.  *Diederich Decl*. ¶8.

*Defendants hired for political advertising—RoboCalls*

12.    Defendants solicited Plaintiff's business.   The solicitation was addressed to:

"Mike Diederich
 361 Route 210
 Stony Point, NY 10980-3230"

*Diederich Decl*. ¶12.

13.  A true and accurate black and white photocopy of Defendants' color advertisement and solicitation, a two sided postcard,  is annexed as Exhibit "1" to the Complaint. *Diederich Decl*. ¶13.

14.   Based upon this mailed advertisement, and telephone conversations with Defendant Mack Wright, Plaintiff was convinced that defendants could provide a valuable service in making local Rockland County voters aware of Plaintiff's qualifications as a political candidate for the office of County Legislator. *Diederich Decl*. ¶ 14.

15. In October 2007, Defendant Wright and Plaintiff agreed that Defendants would make telephonic ("RoboCall") broadcasts to voters in the county legislative district where Plaintiff was campaigning, namely, Rockland County Legislative District 1.    *Diederich Decl*. ¶ 16.

16. Accordingly, Plaintiff paid for a telephone list of voters residing in District 1, which list he obtained from a New York City company recommended by Defendant Wright.  The vendor then provided the list of voters to Defendant Wright.    *Diederich Decl*. ¶ 17.

17.   Defendant Wright thereafter agreed to broadcast RoboCalls on November 1, 3, 4 and 5, 2007.  This was confirmed by email correspondence. *Diederich Decl*. ¶ 18.

18.   Defendant Wright advised Plaintiff that the most important of the RoboCalls were the calls to be made on the two days  immediately preceding Election Day, namely, November 4 and 5, 2007.  *Diederich Decl*. ¶ 21.

19. However, in breach of their agreement, Defendants did not broadcast any RoboCalls on November 4th  or 5th,  2007.    *Diederich Decl*. ¶ ¶ 23-25.

20.   As a result of Defendants failure to broadcast the "Diederich for Legislature" campaign message RoboCalls on November 4th and 5th, 2007, the majority of District 1 voters did not hear Plaintiff's substantive message—the reason to vote for him—prior to casting their ballot.     *Diederich Decl*. ¶ 33.

21.    Ultimately, Plaintiff lost the election by a razor thin margin of approximately 9 votes, out of approximately 5,000 votes cast. *Diederich Decl*. ¶ 34.

22. Because this was my major piece of political advertising, I undoubtedly would have won the election if the RoboCalls had been broadcasted as promised on the two days preceding Election Day.   *Diederich Decl.* ¶ 35.

*Subsequent extortion by Defendant Wright*

23. After seeking a refund of what was paid to Defendant Wright, Defendant Wright contacted Plaintiff  and threatened to use his ability to broadcast RoboCalls to make "[Diederich is a] deadbeat" RoboCalls to Plaintiff's voter list, with Defendant Wright indicating that he would continue making such calls to residents of my community until such time as Plaintiff paid him what he demanded, in full.  *Diederich Decl.* ¶¶ 37-39.

*Plaintiff's Damages*

24.    As a result of Defendants actions, Plaintiff narrowly lost the election, and with it lost the ability to serve the voters of his district. *Diederich Decl.* ¶ 46.

25.  The elected office is a four year term.  The compensation paid to a Rockland County Legislator is at or slightly over $32,000, plus substantial benefits. *Diederich Decl.* ¶ 48.

26. Thus, in part-time public salary alone, Plaintiff was damaged in an amount of at least $128,000.  *Diederich Decl.* ¶ 49.

27. Plaintiff also paid Defendants in full for advertising services which Defendants did not substantially perform, in the total sum of $900.   *Diederich Decl.* ¶ 50.

## D.  Unanswered Requests for Admission

28.    Defendants have not answered Plaintiff's Requests for Admissions dated 11 July 2009, and thus are deemed to admit as follows relevant facts:

Request for Admission No.

    1. Defendant "Ernest M. Wright" is also known as "Mac Wright."

    2. Defendant "Win Your Race LLC" (sometimes referred to hereinafter as "Win Your Race") is or was a business entity formed by Defendant Wright.

3. Defendant Wright is the principal of, and registered agent for, Defendant Win Your Race LLC.

4. Defendant Win Your Race, LLC is, or was, a limited liability corporation organized (or previously authorized) to do business in the State of Florida, with headquarter located at 557 Woodview Drive, Longwood, FL 32779.

5. Prior to October 2007, Defendant "Win Your Race LLC" was no longer an active and authorized business entity.

6. Defendants solicited RoboCall business in New York in 2007.

7. Defendants solicited Plaintiff's business.

8. Defendants thereafter obtained Plaintiff's business, including Defendants' agreement to broadcast Plaintiff's political messages.

9. Plaintiff provided Defendants with pre-recorded political messages in or around late October—early November 2007.

10. Defendants and/or Defendants' agents did not broadcast Plaintiff's pre-recorded political messages on the Sunday or Monday immediately preceding Election Day in November 2007.

11. Defendant had agreed and promised to broadcast Plaintiff's pre-recorded political messages on the Sunday or Monday immediately preceding Election Day in November 2007.

12. Both Plaintiff and Defendants understood that it was vital to Plaintiff's political campaign that Plaintiff's desired political message reach the voters in the two days prior to Election Day.

13. Plaintiff and Defendant Wright discussed the following schedule of RoboCalls in 2007, which Defendant Wright agreed to broadcast via "RoboCalls":

   a. an "introduce Plaintiff to the voters" message from Plaintiff on Thursday, November 1, 2007;

   b. a "vote for my husband" message from Plaintiff's wife on Saturday, November 3, 2007;

   c. a substantive "campaign issues" message from Plaintiff on Sunday, November 4, 2007; and

   d. another substantive "campaign issues" message from Plaintiff on Monday, November 5, 2007.

14. Plaintiff telephoned Defendant Wright on Sunday, November 4, 2007 and asked why scheduled RoboCalls had not been made.

15. Plaintiff telephoned Defendant Wright on Monday, November 5, 2007 and asked why scheduled RoboCalls had not been made.

16. Defendants' RoboCall message scheduled to be broadcast on Sunday, November 3, 2007 and Monday, November 4, 2007, were not broadcast

until late morning or early afternoon of Election Day itself, November 6, 2007.

17. Plaintiff Michael Diederich informed Defendants that he wished a refund of the money which his political campaign had paid to Defendants.

18. Defendant Wright insisted that Defendants were entitled to the full amount originally agreed.

19. Plaintiff placed a credit card dispute, which temporarily stopped payment to Defendants.

20. Defendant Wright contacted Plaintiff and informed Plaintiff that Defendant Wright would use RoboCalls to make "deadbeat" calls to Plaintiff's voter list, and that Defendant Wright would continue making such calls until such time as Plaintiff paid Defendant Wright what Defendant Wright demanded, in full.

Dated: Stony Point, New York
      October 30, 2009

                                  _____
                                    MICHAEL D. DIEDERICH, JR.
                                    *Attorney for Plaintiff and Pro Se*
                                    361 Route 210       MD 2097
                                      Stony Point NY  10980
                                      (845) 942-0795

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
----------------------------------------------------------
DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,

                          Plaintiff,

                                              **DECLARATION OF
                                              MICHAEL D. DIEDERICH, JR.
                                              IN SUPPORT OF MOTION FOR
                                              SUMMARY JUDGMENT**

                                              08 Civ. 8214 (CS)(GAY)

against

WIN YOUR RACE, LLC,  AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                          Defendants.
----------------------------------------------------------

        Michael D. Diederich, Jr. declares under penalty of perjury as follows:

    1.     I am the Plaintiff herein and make this Declaration in support of my motion to

amend the caption, and for a grant of summary judgment herein.

    *Parties*

    2.     I am a practicing New York attorney, and also have been a publicly concerned

citizen, and an advocate for various public interest and environmental causes in Rockland

County.  I am also a Lieutenant Colonel in the U.S. Army Reserves (JAG Corps) and am

an Iraq War veteran (2004-05).  And I am a person who sought to improve local

government by participating in political activity and running for public office in 2007.

    3.      In connection with my political campaign, solely I formed the campaign

committee "Diederich for Legislature," and I am the real party in interest as to it, and in

this case.  Therefore, to avoid any confusion as to the identity of the Plaintiff herein under

Fed. R. Civ. Proc. 17(a), I request that the caption of the complaint be amended to read "DIEDERICH FOR LEGISLATURE O/B/O MICHAEL DIEDERICH, JR. , AND MICHAEL DIEDERICH, JR." (or alternatively, to only name me, as I am named as the Plaintiff in the body of the complaint, at paragraph 1).

### Defendants' political campaign advertising services

4.    This case involves my contracting for advertising in the form of automated telephone calls ("RoboCalls")  in connection with my 2007 race for the Rockland County legislature, and my experience with the defendants herein.

5.    Defendant Ernest M. Wright (hereinafter "Defendant Wright") appeared and answered *pro se* on behalf of himself individually and also for his company, Win Your Race LLC (hereinafter "Win Your Race").  Although Defendant Ernest M. Wright answered the complaint, neither he nor Defendant Win Your Race has responded to Plaintiff's discovery requests, nor answered Plaintiff's Requests for Admissions. Therefore, I make this motion without  the benefit of having obtained discovery. Nevertheless, the material facts are not in genuine dispute.

6.    As to the defendants as parties, it appears that Defendant Ernest M. Wright is also known as "Mac Wright," and that he is the principal of, and registered agent for, Defendant Win Your Race.   The Win Your Race website is found at http://www.win-your-race.com/.

7.    Thus, it appears clear that Defendant Wright operates Win Your Race as a sole proprietorship.

8.    Although Win Your Race was incorporated in the State of Florida, Win Your Race has not been maintained by Defendant Wright as an active corporate entity, nor does it appear that it has received authorization to do business in New York State.

2

9.    In connection with this matter, Defendant Wright negotiated my check made payable to him personally.

**Defendants hired for political advertising—RoboCalls**

10.    As indicated above, I ran for public office in 2007, and declared my candidacy to the local board of elections.

11.    I believe that this is how Defendants learned of my candidacy for local office, as I received a mailed solicitation from Defendants, as a vender of political advertising services, seeking my business as a political candidate.

12.    The solicitation was addressed to:

> "Mike Diederich
> 361 Route 210
> Stony Point, NY 10980-3230"

13.    A true and accurate black and white photocopy of Defendants' color advertisement and solicitation, a two sided postcard, is annexed as Plaintiff's Exhibit "1".

14.    Based upon this mailed advertisement, and I subsequently had telephone conversations with Defendant Mack Wright, who convinced me that he could provide me with a valuable service in making local Rockland County voters aware of my qualifications as a political candidate for the office of County Legislator.   If fact, Defendant Wright convinced me that his services could be my primary means of favorably contacting the greatest number of potential voters in my legislative district.

15.    Defendant Wright's above-referenced brochure, advertised that his company

- "Guaranteed Results Voice Broadcast"

- "If we do not achieve, your calls ["RoboCall"] are free"

- "Ten years experience electing unelectable candidates"

16.    In October 2007, Defendant Wright and I agreed that Defendants would make telephonic ("RoboCall") broadcasts to voters in the county legislative district where I was campaigning, namely, Rockland County Legislative District 1.

17.    Accordingly, I paid for a telephone list of voters residing in District 1, which list I obtained from a New York City company recommended by Defendant Wright.  The vendor then provided the list of voters to Defendant Wright.

18.    Defendant Wright thereafter agreed to broadcast RoboCalls on November 1, 3, 4 and 5, 2007.  This was confirmed by email correspondence.

19.    The purpose of the RoboCalls was to inform voters about my political candidacy on the days immediately prior to Election Day, namely, November 6, 2007.

20.    Specifically, Defendant Wright and I discussed and agreed to the following schedule of RoboCalls:

- an "introduce myself to the voters" message from me on Thursday, November 1st;

- a "vote for my husband" message from my wife on Saturday, November 3rd;

- a substantive "campaign issues" message from me on Sunday, November 4th;  and

- another substantive "campaign issues" message from me on Monday, November 5th.

21.    Defendant Mack Wright advised me that the most important of the RoboCalls were the calls to be made on the two days immediately preceding Election Day, namely, November 4 and 5, 2007.

22.    Accordingly, I reserved my strongest messages, designed to most powerfully persuade the voters, for November 4th  and 5th.

23.   I informed Defendant Wright of this strategy, and Defendant Wright was in agreement.

24.   I prepared and submitted RoboCall messages to Defendant Wright.  My "introductory" RoboCalls, which were broadcast around Friday, November 2nd, showed a positive response, as I learned from talking to citizens while campaigning.

25.   However, Defendants did not broadcast any RoboCalls on November 4th or 5th, 2007.  This was in breach of the agreement.

26.   I became aware that the RoboCalls were not broadcast on Sunday, November 4th, after Plaintiff returned from a day of campaigning.

27.   I thereupon promptly telephoned Defendant Wright and asked why the RoboCalls had not been made.

28.   Defendant Wright offered an excuse and promised to broadcast the (Sunday) calls on the next day, Monday.

29.   On Monday, I again returned from campaigning and learned that, once again, the RoboCalls had not been broadcast by Defendants.

30.   I again called Defendant Wright regarding this astonishing non-performance.

31.   Ultimately, the RoboCall message scheduled to be broadcast on Sunday, November 3, 2007, was not broadcast until late morning or early afternoon of Election Day itself, November 6, 2007.

32.   By noon on Election Day, a substantial number of voters, if not a majority of voters, had already cast their votes.

33.   Therefore, as a result of Defendants failure to broadcast the "Diederich for Legislature" campaign message RoboCalls on November 4th and 5th, 2007, the majority

of District 1 voters did not hear my substantive message—the reason to vote for me—prior to casting their ballot.

34.    Ultimately, I lost the election by a razor thin margin of approximately 9 votes, out of approximately 5,000 votes cast.

35.    Because the RoboCalls were designed to be my major piece of political advertising, I undoubtedly would have won the election if the RoboCalls had been broadcasted as promised on the two days preceding Election Day.

36.    As Defendants' 2009 website currently advertises:[1]

> This is true…
> IF THE RACE IS EVEN ON SUNDAY AND ONE CANDIDATE
> DOES [Win-Your-Race's] PERSONALIZED VOICE BROADCAST
> ON MONDAY, HE OR SHE WILL WIN ON TUESDAY, PERIOD!

### Subsequent extortion by Defendant Wright

37.    Because of Defendants' breach of contract, I informed Defendant Wright that I wished a refund of the money paid to Defendants.

38.    However, after I requested a refund of the amounts paid, Defendant Wright insisted that he was entitled to the full amount originally agreed, notwithstanding Defendants' substantial breach of the agreement.

39.    I thereafter lodged a credit card payment dispute regarding my payment to Defendants.

40.    Defendant Wright subsequently contacted me, and threatened to use his ability to broadcast RoboCalls to make "[Diederich is a] deadbeat" RoboCalls to my voter list. Defendant Wright indicated that he would continue making such calls to residents of my community until such time as I paid him what he demanded, in full.

---

[1]  *See*, http://www.win-your-race.com/why.php.

41.   Essentially, Defendant Wright was threatening to tell my friends, neighbors, clients, potential future clients and potential future voters that I was a "deadbeat" and a person who does not pay financial obligations.

42.   This was horrifying to me.   I regarded it as attempted extortion (and reported it to the FBI, which agency viewed it as a civil dispute).

43.   Defendant Wright  suggested to me that his use of "deadbeat" calls against me would embarrass my wife, or perhaps threaten her reputation as well.  Specifically, Defendant Wright wrote an email to me which stated:

> "You did several spouse calls. I would call your spouse now if I were you and ask her advice on this for she is going to share some of the embarrassment."

44.   Further in this regard, Defendant Wright informed me that Defendant Wright had issued "deadbeat" RoboCalls collection method on previous occasions, with success, against "deadbeat" political candidates who refused to pay Defendant Wright what he claimed was due him.

45.   Defendant Wright gave as an example his supposed threats, and supposed actual deadbeat RoboCalls to, Idaho Congressman Bill Sali.  As Defendant Wright wrote to Plaintiff in an email dated November 18, 2007:

> "It took just one 'deadbeat' call to 500 people on his [Sali's] dialing list and I was paid the entire amount in less than ten minutes of the broadcast going out."

46.   Based upon these extortionate threats, I paid Defendant Wright what he demanded.

### *Damages*

47.   As a result of Defendants actions, I narrowly lost the election, and with it lost the ability to serve the voters of my district.

48.    Besides the injury to the public, and to my civic interests and desire to serve the public, I suffered actual financial injury by being denied election to the public office I sought, and the attendant compensation and benefits paid to a Rockland County Legislator.

49.    The elected office is a four year term.  The compensation paid to a Rockland County Legislator is slightly over $32,000 per year, plus other substantial benefits.

50.    Thus, in part-time public salary alone, I was damaged in an amount of $128,000.  When benefits are included, my damages are much greater.  However, for the purposes of this motion, and summary judgment herein, I seek only $128,000 because there can be no genuine or material dispute about such amount, as it is the salary of a part-time Legislator.

51.    I also paid Defendants for advertising services which Defendants did not substantially perform, in the total sum of $900.

52.     For the purposes of this motion, I will not seek as damages the amount the time I devoted to campaigning for public office, nor the time I otherwise could have spent on developing my law practice, nor on Army Reserve duties which I could have performed,[2] nor the sacrifice of time which I could have spent with my wife and school age children.

### *Protection of the Public Interest*

53.    Defendant Wright now claims poverty, and has sought the sympathy of the Court.  Perhaps he is telling the truth with regard to his current finances, perhaps not.

---

[2]  I am a Lieutenant Colonel in the U.S. Army JAG Corps (reserves), and spent one year in central Iraq in 2004-2005.

54.   What is clear to me is that Defendant Wright is knowledgeable about political campaigning.  As such, he knew how important it was for my campaign that the RoboCalls be broadcast as agreed.

55.   My political opponent was concerned about my RoboCalls.  Defendant Wright provided no discovery, and thus I had no opportunity to ask him whether anyone opposing to my political campaign contacted Defendant Wright and paid him to "forget" to broadcast my message.   Obviously, this would be a grave political "dirty trick," but I can think of no other reason how Defendant Wright could fail to broadcast the two most important messages of my 2007 political campaign.   Democracy failed, by 9 votes, because Defendant Wright failed to broadcast the political message he was hired to broadcast.

56.   I doubt that I will ever be able to collect a judgment against Defendant Wright.  Yet a favorable decision from this Court may serve the valuable purpose of warning others about Defendant Wright and his "Win Your Race" services, which business he still advertises on the internet (at http://www.win-your-race.com/).

WHEREFORE, I request that the caption be amended, and that I be granted summary judgment against Defendants, together with such other and further relief which the Court deems just and equitable.

Affirmed under penalty of perjury this
October 30, 2009 at Stony Point, New York

           _____/s/_____
           MICHAEL D. DIEDERICH, JR.
           *Attorney for Plaintiff and Pro Se*
           361 Route 210
           Stony Point NY  10980
           (845) 942-0795

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
--------------------------------------------------------------

DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,

                                    Plaintiff,

against

WIN YOUR RACE, LLC, AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                                    Defendants.
--------------------------------------------------------------



**COMPLAINT**

08 CV. 8214

**JUDGE SEIBEL**

"ECF Case"

Plaintiff Michael Diederich, Jr., complains of the Defendants as follows:

### PARTIES

1.    Plaintiff Michael Diederich, Jr. is an attorney with law offices in, and is a resident of, the Town of Stony Point, County of Rockland, State of New York.

2.    Defendant Win Your Race, LLC  (hereinafter "Win Your Race") is, upon information and belief, a business corporation organized and existing in and/or authorized (or previously authorized) to do business in the State of Florida, with headquarter located at 557 Woodview Drive, Longwood, FL 32779.

3.    Upon information and belief, Win Your Race, LLC was incorporated on Saturday, January 01, 2005 in the State of Florida and is currently not active.

4.    Defendant Ernest M. Wright, upon information and belief, is a resident of the State of Florida, residing at 557 Woodview Drive, Longwood, FL 32779.

5.    Upon information and belief, Defendant Ernest M. Wright is also known as "Mack Wright."

6.    Upon information and belief, Defendant Wright is the principal of, and registered agent for, Defendant Win Your Race LLC.

7.    Upon information and belief, Defendants are not authorized to do business in the State of New York.

## FEDERAL JURISDICTION & VENUE

8.    Plaintiff is resident of and domiciled in the State of New York.

9.    Defendants are resident of, or organized to do business in, the State of Florida.

10.    There is complete diversity between the Plaintiff and the Defendants, the amount in controversy exceeds $100,000, and substantially all acts and omissions giving rise to the claims herein occurred in New York State.

11.    This court has diversity jurisdiction herein under 28 U.S.C. § 1332(a)(1), and under 28 U.S.C. § 1391(a)(2)venue is properly in this district.

## FACTS

12.    Plaintiff Michael Diederich, Jr. is a licensed attorney, an advocate for various public interest and environmental causes in Rockland County, a Lieutenant Colonel in the U.S. Army Reserves and Iraq veteran, and a person who has sought to improve local government by participating in political activity and running for public office.

13.    In 2007, Plaintiff Michael Diederich, Jr. became a candidate for the elective office of Rockland County legislator.

14.    This candidacy included registering with the local board of elections.

15.    Upon information and belief, directly or indirectly, Defendants learned of Plaintiff's candidacy for local office from Plaintiff's registration as a candidate for public office.

16.    After Plaintiff registered his candidacy for public office, Defendants sought the business of Plaintiff as a vender of political advertising services.

2

17.  Defendant sought Plaintiff's business by mailing a postcard addressed to:

"Mike Diederich
361 Route 210
Stony Point, NY 10980-3230"

18.  A true and accurate black and white photocopy of Defendants' color advertisement and solicitation, a two sided postcard, is annexed as Exhibit "1".

19.  Based upon Defendants' mailed advertisement, and Plaintiff's subsequent telephone conversations with Defendant Mack Wright, Plaintiff was convinced by Defendants that Defendants could provide Plaintiff with a valuable service in making local Rockland County voters aware of Plaintiff's qualifications as a political candidate for the office of County Legislator.

20.  Specifically, Defendant convinced Plaintiff of the value of Defendants' "RoboCall" political advertising by making such representations that, among other things:

- "Guaranteed Results Voice Broadcast"

- "If we do not achieve, your calls are free"

- "Ten years experience electing unelectable candidates"

21.  Upon information and belief, Defendant Wright made his phone calls to Plaintiff from various locations, including Florida, Alabama or George, and Washington, D.C., all of which were with Plaintiff at Plaintiff's offices in Stony Point, New York.

22.  Thereafter, in October 2007, Plaintiff and Defendants agreed that Defendant would make telephonic ("RoboCall") broadcasts to voters in the county legislative district where Plaintiff was campaigning (Rockland County Legislative District 1).

3

23.    Accordingly, Plaintiff paid for a telephone list of voters residing in District 1,

which list Plaintiff obtained from a New York City company recommended by

Defendants, which company provided this list directly to Defendants.

24.    Defendants entered into an agreement with Plaintiff that Defendants would

broadcast RoboCalls on November 1, 3, 4 and 5, 2007.

25.    The purpose of the RoboCalls was to inform voters about Plaintiff's political

candidacy on the days immediately prior to Election Day, namely, November 6, 2007.

26.    Plaintiff and Defendant Wright discussed and agreed to the following

schedule of RoboCalls:

- an "introduce myself to the voters" message from Plaintiff on Thursday, November 1st;

- a "vote for my husband" message from Plaintiff's wife on Saturday, November 3rd;

- a substantive "campaign issues" message from Plaintiff on Sunday, November 4th; and

- another substantive "campaign issues" message from Plaintiff on Monday, November 5th.

27.    Defendant Mack Wright advised Plaintiff that the most important of the

RoboCalls were the calls to be made on the two days immediately preceding Election

Day, namely, November 3 and 4, 2007.

28.    Accordingly, Plaintiff reserved his strongest messages, designed to most

powerfully persuade the voters, for November 3rd and 4th.

29.    Plaintiff informed Defendant Wright of this strategy, with which Defendant

Wright was in agreement.

30.   For reasons unknown to Plaintiff and never adequately explained by Defendants, no RoboCalls prepared and submitted by Plaintiff to Defendants were broadcast by Defendants on November 3 or 4, 2007.

31.   This failure on the part of Defendants was in breach of Defendants' contractual agreement with Plaintiff.

32.   Plaintiff became aware that the RoboCalls were not broadcast on Sunday after Plaintiff returned from a day of campaigning. Plaintiff listened to his phone messages, and there was no RoboCall message. Plaintiff then checked with his wife, who verified that she received no RoboCall on either her cell phone or the family phone

33.   Plaintiff's wife had received Plaintiff's initial RoboCall broadcasts.

34.   Plaintiff thereupon promptly telephoned Defendant Wright and asked why the RoboCalls had not been made.

35.   Defendant Wright offered an excuse and promised to broadcast the (Sunday) calls on the next day, Monday.

36.   On Monday, Plaintiff again returned from campaigning and learned that, once again, the RoboCalls had not been broadcast by Defendants.

37.   Plaintiff again called Defendant Wright regarding this astonishing non-performance.

38.   Ultimately, the RoboCall message scheduled to be broadcast on Sunday, November 3, 2007, was not broadcast until late morning or early afternoon of Election Day itself, November 6, 2007.

39.   On Election Day, Defendant Mack Wright and Plaintiff spoke on the telephone at approximately 10:50 am, at which time Defendant Wright informed Plaintiff

that the RoboCalls were now being "launched" and that the voters would receive the calls shortly.

40.    At 12:10 p.m., at his office telephone, Plaintiff received the RoboCall which had been scheduled for two days prior.

41.    Upon information and belief, by noon on Election Day, a substantial number of voters, if not a majority of voters, had already cast their votes.

42.    Therefore, as a result of Defendants failure to broadcast the "Diederich for Legislature" campaign message RoboCalls on November 4th and 5th, 2007, the majority of District 1 voters did not hear Plaintiff's substantive message—the reason to vote for him—prior to casting their ballot.

43.    Plaintiff lost the election by approximately 9 votes, out of approximately 5,000 votes cast.

44.    There can be no doubt that Plaintiff would have won the election if Defendants had broadcast the RoboCalls  on the two days preceding Election Day.

45.    Defendants breached their contract with Plaintiff by not broadcasting Plaintiff's RoboCalls on November 4 and 5, 2007, thereby proximately causing Plaintiff to lose the election.

46.    Defendants must be estopped from making any claim to the contrary: Defendants "guaranteed" election results and that their RoboCalls could elect "unelectable" candidates.   Plaintiff lost by the slimmest of margins, which margin certainly would have been overcome had Defendants broadcast Plaintiff's message to the voters, as Plaintiff had paid Defendants to do.

47.   Upon information and belief, the initial RoboCalls which were broadcast by Defendants were of great concern to Plaintiff's political opposition, because the initial RoboCalls were effective for and advancing Plaintiff's candidacy.

48.   Upon information and belief, Plaintiff's political opposition may have contacted Defendant Wright and convinced him, by payment or promise of future business, to fail to broadcast Plaintiff's political message.

49.   Upon information and belief, Defendants may have participated in a "political dirty trick," by intentionally failing to broadcast Plaintiff's RoboCalls.

### Subsequent extortion by Defendant Wright

50.   Because of Defendants' breach of contract, Plaintiff informed Defendants that he wished a refund of the money which his political campaign had paid to Defendants.

51.   In particular, Defendants had substantially failed to perform on their agreement to provide RoboCall broadcast prior to Election Day 2007. This deprived Plaintiff of the entire measure of what Plaintiff had contracted for, namely, the broadcast of a timely political message.

52.   However, after Plaintiff requested a refund of what his political campaign had paid, Defendant Wright insisted that Defendants were entitled to the full amount originally agreed, notwithstanding Defendants' subsequent non-performance.

53.   Defendant Wright asserted Defendants' claim to an entitlement to full payment notwithstanding their postcard advertisement "If we do not achieve, your calls are free."

7

54. Contrary to his prior admission of non-publication, Defendant Wright claimed after Election Day that he had made the RoboCall broadcasts on November 4 and 5, 2007.

55. Moreover, Defendant Wright claimed he had proof of such calls.

56. Yet Defendant Wright never produced such "proof" for Plaintiff.

57. Plaintiff thereafter lodged a credit card payment dispute regarding his payment to Defendants.

58. Plaintiff's credit card company thereafter decided that Plaintiff should pay one-half of the disputed amount, because the introductory RoboCall of Plaintiff and the RoboCall of Plaintiff's wife were broadcast.

59. Plaintiff received a credit on his credit card account for one-half the amount he had been charged.

60. Plaintiff was then contacted by Defendant Wright, who informed Plaintiff that Defendant Wright would use RoboCalls to make "deadbeat" calls to Plaintiff's voter list, and that he would continue making such calls to residents of Plaintiff's community until such time as Plaintiff paid Defendant Wright what Defendant Wright demanded, in full.

61. Plaintiff was shocked. Essentially, Defendant Wright was threatening to inform Plaintiff's friends, neighbors, clients, potential future clients and potential future voters that Plaintiff was a "deadbeat" and a person who does not pay his financial obligations.

62. Moreover, the very idea that RoboCalls would be made to Plaintiff's District 1 voter list, thereby inconveniencing and annoying local residents with telephonic RoboCalls attributable to Plaintiff was horrifying to Plaintiff.

8

63.   Referred to the telephone RoboCall of Plaintiff's wife as a "spouse call,"
Defendant Wright also wrote to Plaintiff as follows, threatening Plaintiff's wife:

> "You did several spouse calls.  I would call your spouse now if I were you
> and ask her advice on this for she is going to share some of the
> embarrassment.

64.   Plaintiff considered Defendant Wright's threats to be attempted extortion.  As
further described below, Plaintiff yielded to the threats and paid Defendant Wright what
was demanded.

65.   Specifically, Defendant Wright informed Plaintiff that Defendant Wright had
issued "deadbeat" RoboCalls collection method on previous occasions, with success,
against "deadbeat" political candidates who refused to pay Defendant Wright what he
claimed was due him.

66.   Defendant Wright gave as an example his supposed threats, and actual
deadbeat RoboCalls, to Idaho Congressman Bill Sali.  (Plaintiff does not know whether
Defendant actually threatened Congressman Sali.)

67.   Specifically, as Defendant Wright wrote Plaintiff in an email dated November
18, 2007:

> "It took just one 'deadbeat' call to 500 people on his dialing list and I was
> paid the entire amount in less than ten minutes of the broadcast going out."

68.   Plaintiff thereafter succumbed to Defendants extortion, by writing a check
dated 19 December 2007 to Defendant Wright in the full amount sought by him.

### *Damages*

69.   As a result of Defendants actions, Plaintiff narrowly lost the election, and with
it lost the ability to serve the voters of District 1—an immeasurable injury to the public,

especially as Defendants actions deprived Plaintiff of the ability to get out his public service message.

70.   Besides the injury to the public, and to Plaintiff' civic interests and desire to serve the public, Plaintiff suffered actual financial injury by being denied election to the public office he sought, and the attendant compensation and benefits paid to a Rockland County Legislator.

71.   The elected office is a four year term.

72.   Upon information and belief, the compensation paid to a Rockland County Legislator is at or over $32,000, plus substantial perks and benefits, including retirement benefits.

73.   Upon information and belief, in salary alone, Plaintiff was damaged in an amount in excess of $128,000, and when benefits are included, a far greater amount.

74.   Plaintiff was also injured in the amount the time he devoted to campaigning for public office, which time otherwise could have been spent on his law practice, on his Army Reserve duties (Plaintiff is an Iraq veteran[1] and remains active in the reserves), and with his family.

75.   Plaintiff suffered non-economic injury in an amount in amount to be determined at trial, including injury relating to Defendants outrageously extortionate conduct.

76.   Plaintiff has been damaged thereby.

---

[1]  Plaintiff is a Lieutenant Colonel in the U.S. Army JAG Corps (reserves), and spent one year in central Iraq in 2004-2005.

*New York Long Arm Jurisdiction*

77.    Virtually all of Defendants' contacts and activities herein have involved activity within the State of New York, including adverting here, contacting Plaintiff here, telephoning Plaintiff here, negotiating a contract here, recommending a New York firm to assist with a voters list, broadcasting RoboCalls here, failing to broadcast RoboCalls here, and threatening to disparage and defame Plaintiff here, defaming Plaintiff here, all of which make venue in New York State proper whether under New York State's "long arm jurisdiction" or pursuant to federal statute.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

78.    Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

79.    Plaintiff entered into a contract with Defendant for Defendant to provide RoboCall broadcasts prior to Election Day, 2007.

80.    Defendants breached Plaintiff's contract, by failing to make RoboCalls which Defendants had agreed to make.

81.    Defendants further breached their "guarantees" regarding the provision of the RoboCall advertising services.

82.    Defendants further breached their contract, and the implied duty of good faith and fair dealing, by resorting to attempted extortion, actual extortion and coercion as a means of obtaining payment for services not performed.

83.    Defendants' breach of their contractual promises caused Plaintiff damage thereby.

11

84.   Due to the outrageousness of the conduct, Plaintiff is also entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION - NEGLIGENCE

85.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

86.   Defendants breached their duty of due care owed to Plaintiff, proximately causing Plaintiff damage thereby.

87.   Moreover, Defendants' conduct was wanton and reckless and involved, at a minimum, gross negligence if not intentional wrongdoing, thereby warranting punitive damages.

## THIRD CAUSE OF ACTION - ATTEMPTED AND ACTUAL EXTORTION, AND CONVERSION

88.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

89.   Defendants, and in particular Defendant Wright, engaged in extortionate conduct toward Plaintiff, to compel the payment of money from Plaintiff, and to take money from Plaintiff, by unlawful means.

90.   Defendant converted Plaintiff's property, and engaged in conduct which was designed to coerce and extort money from Plaintiff.

91.   Defendants, and in particular Defendant Wright, engaged in extortionate conduct and threats toward Plaintiff designed to engender fear, anxiety and emotional distress, for the purposes of wrongfully compelling a payment of money from Plaintiff.

92.   Defendants conduct had no legitimate basis, and was solely designed to harm

Plaintiff, and as such constituted a *prima facie* tort.

93.   Plaintiff damage thereby.

94.   Plaintiff requests an award of punitive damages for Defendants' outrageous

conduct.

## FOURTH CAUSE OF ACTION -
## DEFAMATION

95.   Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth

here again at length.

96.   Defendant Wright stated, falsely, to R. Madden and perhaps others, that

Plaintiff was attempting to avoid payment for services provided by Defendants, that

Plaintiff was a "deadbeat," and that Plaintiff was trying to "essentially, steal" from

Defendant.

97.   Defendant Wright's statements were intentionally made, and knowingly false,

and, upon information and belief,  published to Detective both in writing (email) and

orally.

98.   Defendant Wrights statements disparaged Plaintiff and placed him in a false

light.

99.   Plaintiff was injured and damaged thereby.

100. Plaintiff requests an award of punitive damages for Defendants' outrageous

conduct.

13

## FIFTH CAUSE OF ACTION -
## FALSE ADVERTISING

101. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

102. Defendant's actions involved materially false advertising, conducted in interstate commerce, and, upon information and belief, mail fraud and wire fraud.

103. Defendants' actions damaged Plaintiff thereby.

## FIFTH CAUSE OF ACTION -
## FRAUD

104. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

105. Defendant Wright told Plaintiff on November 4, 2007 and again on November 5, 2007 that he would broadcast Plaintiff's scheduled pre-recorded political messages which had not been broadcast.

106. Defendant Wright's statements to Plaintiff were false and fraudulent.

107. Upon information and belief, Defendant Wright had no intention on timely broadcasting Plaintiff's messages. Plaintiff suspects that Plaintiff's political opposition induced Defendant Wright not to broadcast the RoboCalls.

108. Thereafter, Defendant Wright continued his fraudulent conduct by asserting to Plaintiff and others that the scheduled RoboCalls had been broadcast, knowing that his representations were false, as Defendants did not broadcast Plaintiff's RoboCalls.

109. This fraudulent conduct prevented Plaintiff from attempting to locate a replacement RoboCall service provider before Election Day.

14

110. Plaintiff would have sought immediate replacement services had Defendant

Wright not assured Plaintiff that the RoboCalls scheduled for Sunday would be broadcast

on Monday, the day prior to Election Day.

111. Defendant Wright's conduct was with the intent to deceive the Plaintiff.

112. Plaintiff has been damaged thereby.

113. Plaintiff is entitled to punitive damages.


WHEREFORE, Plaintiff requests relief as follows:

a.  An award of damages in the sum of $500,000, plus interest;

b.  An award of punitive damages in the sum of $3,000,000 for Defendants'
    malicious and outrageous conduct;

c.  An award of costs and disbursements, and reasonable attorney fees;

d.  such other and further relief as this Court deems just and equitable.


Dated: Stony Point, New York
    September 24, 2008

MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff and Pro Se*
361 Route 210
Stony Point NY  10980
(845) 942-0795

15

# GUARANTEED

## Results Voice Broadcast!

**If we do not achieve your calls are free.**

*Our delivery rates average 85% or higher!*

No other voice broadcast company makes this offer. Our ten years of experience in electing unelectable candidates gives us the confidence to make this offer.

2007 Florida House Special Election winner, Kurt Kelly, says, "I definitely would not have won my election without you."

Susan Starkey, after being down by 10% with less than one week to go, used our service and won her election by four votes!

Voice Broadcast is not an option, it is a must!

## CALLS AS LOW AS 3.5 CENTS

### WIN YOUR RACE, LLC.

*The above testimonials are but a few of the hundreds we have received. Use the passwords "raptor" and "dragon" to view more on the References page.*

www.win-your-race.com

**Call today: (877) 272-0713 and (407) 774-2036**

**WIN YOUR RACE, LLC.**
557 Woodview Drive
Longwood, Florida 32779

First Std
U.S. Postage
Paid
Permit #1979
Orlando FL

Mike Diederich
361 Route 210
Stony Point NY 10980-3230

Exhibit I



UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
--------------------------------------------------
DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,

                Plaintiff,

                                  **Notice To *Pro Se* Litigant Who Opposes a Motion For Summary Judgment**

                                  08 Civ. 8214 (CS)(GAY)

against

WIN YOUR RACE, LLC, AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                Defendants.
--------------------------------------------------

        The plaintiff in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the plaintiff has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE DEFENSES YOU ASSERT IN YOUR ANSWERMAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

        In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the plaintiff and raising material issues. of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to plaintiff's motion for summary judgment. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the plaintiff, the court may accept plaintiff's factual assertions as true. Judgment may then be entered in plaintiff's favor without a trial.

        If you have any questions, you may direct them to the Pro Se Office.

## Declaration of Service

Brigitte M. Gulliver, Esq. affirms under penalty of perjury that on this date I

served the with Summary Judgment papers, by mailing same, postage prepaid, addressed

as follows:

Mr. Ernest "Mac" Wright, Jr.
Win Your Race
557 Woodview Drive
Longwood, FL 32779

Affirmed this 5th day of November, 2009.

Brigitte M. Gulliver

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DIEDERICH FOR LEGISLATURE and
MICHAEL DIEDERICH JR.,

                                    Plaintiff,


                    against


WIN YOUR RACE, LLC,  AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                                    Defendants.
-----------------------------------------------------------------

NOTICE OF MOTION, RULE 56.1 STATEMENT AND
DECLARATION OF MICHAEL D. DIEDERICH, JR., WITH EXHIBITS


                            MICHAEL D. DIEDERICH, JR.
                            *Attorney Pro Se*
                            361 Route 210
                            Stony Point, NY 10980
                            (845) 942-0795

UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF NEW YORK
-----------------------------------------------------------
DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR. ,

                     Plaintiff,

against

                     **MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT**

WIN YOUR RACE, LLC,  AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                     Defendants.
-----------------------------------------------------------

## PRELIMINARY STATEMENT

       This case is for breach of contract.  The Court has diversity jurisdiction.

## FACTS

       Plaintiff Michael Diederich, Jr. ran for public office in 2007.  He contracted for

"RoboCalls" with the Defendants.  Plaintiff's principal RoboCall messages where

scheduled for the two days prior to Election Day, 2007.

       Defendants failed to broadcast such message, in substantial breach of contract.

Plaintiff lost the election as a result, and suffered damages thereby.

       Defendants have not provided responses to any discovery demands of the Plaintiff.

       The relevant facts are set forth in detail in the Declaration of Michael Diederich,

Jr., and accompanying Rule 56.1 Statement.

**ARGUMENT**

**POINT I**
**THE CAPTION SHOULD BE AMENDED**

Plaintiff individually is the real party in interest.  The caption should be amended to conform with the body of the complaint, to make this clear.

**POINT II**
**DEFENDANTS BREACHED THEIR CONTRACT**
**WITH PLAINTIFF**

Plaintiff and Defendants entered into an agreement.  Defendants failed to substantially perform.

As a proximate result, Plaintiff was damaged in an amount equal to the expenditures for the advertising ($900) to Defendants and approximately $250 to another firm for a voter list.  Plaintiff was also damaged in the amount of the part-time elective position which he lost, in the sum of $32,000+ per year for a four year term.

Due to the lack of discovery, Plaintiff has been unable to determine whether Defendants actions were the result of a political "dirty trick" sponsored by political opposition, or simply gross negligence on Defendants part.   Defendants extortionate tactics after Plaintiff request a refund suggest the former.

**CONCLUSION**

WHEREFORE, Plaintiff requests the caption be amended to include Plaintiff individually, and that summary judgment be issued in Plaintiff's favor, and against Defendants, together with such other and further relief as this Court deems just and equitable.

Dated: Stony Point, New York
       October 30, 2008

                            MICHAEL D. DIEDERICH, JR.
                            *Attorney for Plaintiff and Pro Se*
                            361 Route 210
                            Stony Point NY  10980
                            (845) 942-0795

3

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DIEDERICH FOR LEGISLATURE and
MICHAEL DIEDERICH JR.,

                                        Plaintiff,


                    against


WIN YOUR RACE, LLC,  AND
ERNEST M. WRIGHT A/K/A "MACK" WRIGHT,

                              Defendants.
-----------------------------------------------------------------

MOTION FOR SUMMARY JUDGMENT AND SUPPORTING PAPERS

08 Civ. 8214 (CS)(GAY)


                              MICHAEL D. DIEDERICH, JR.
                              *Attorney Pro se   MD 2097*
                              361 Route 210
                              Stony Point, NY 10980
                              (845) 942-0795

## Declaration of Service

Brigitte M. Gulliver, Esq. affirms under penalty of perjury that on this date I

served the with Summary Judgment papers, by mailing same, postage prepaid, addressed

as follows:

Mr. Ernest "Mac" Wright, Jr.
Win Your Race
557 Woodview Drive
Longwood, FL 32779

Affirmed this 5th day of November, 2009.

Brigitte M. Gulliver