UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DIEDERICH FOR LEGISLATURE O/B/O
MICHAEL DIEDERICH, JR., and MICHAEL
DIEDERICH, JR.,

                                Plaintiffs,

    - against -

WIN YOUR RACE, LLC and ERNEST M. WRIGHT,
a/k/a "MAC" WRIGHT,

                                  Defendants.
----------------------------------------------------------------x

08-CV-8214 (CS) (GAY)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Appearances:

Michael Diederich, Esq.
Stony Point, New York
*Plaintiff Pro Se and Counsel for Plaintiff Diederich for Legislature*

Ernest M. Wright
Longwood, Florida
Defendant *Pro Se*

Seibel, J.

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge George A. Yanthis dated August 31, 2011, (Doc. 28), and Plaintiff's Objections thereto, (Doc. 29).

Background

    Plaintiff Michael Diederich, Jr. was a candidate for the Rockland County legislature who received an advertisement from Defendant Win Your Race, LLC, an entity operated by Defendant Wright, which makes automated "robocalls" to potential voters. Diederich contracted to pay Defendants $900 to make robocalls on his behalf on four dates in advance of Election Day

-1-

2007: November 1, 3, 4, and 5. Defendants allegedly did not make the November 4 and 5 calls on those dates. Diederich lost the election by approximately 9 votes out of 5,000 cast. When he sought a refund of the $900 he had paid Defendants, Wright allegedly refused. Diederich pursed the matter with his credit card company, which credited his account with half of what he had paid Defendants. Wright then allegedly threatened to make robocalls to voters in Diederich's community stating that Diederich was a deadbeat, and to continue doing so until Defendants were paid in full. Diederich paid Wright what he demanded.

Diederich then sued for breach of contract, negligence, extortion, conversion, defamation, false advertising, and fraud. (Doc. 1.) In a Decision and Order dated August 4, 2010, (Doc. 21), I modified the Report and Recommendation of Magistrate Judge Yanthis, (Doc. 19), dismissing the claims for defamation, extortion, conversion and negligence; denying Plaintiffs' motion for summary judgment as to the false advertising and fraud claims; and granting Plaintiffs' motion for summary judgment as to the breach of contract claim. Plaintiff thereafter withdrew his claims for false advertising and fraud. (R&R at 1.)

Judge Yanthis then conducted an inquest as to damages. In the R&R, he recommended that judgment be entered in the amount of $1,177, comprised of compensatory damages of $927 (the amount Diederich paid Defendants) and incidental damages of $250 (the amount Plaintiffs paid to a third party for a list of voter telephone numbers). He further recommended that the judgment not include $130,348 sought by Plaintiff, representing the four years of salary he would have earned had he been elected as a Rockland County legislator.

I.  Legal Standards

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[1] *see Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)). A decision is "clearly erroneous" when the Court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake

---

[1] Defendant Wright will be provided with copies of all unpublished decisions cited in this Order.

has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted).

II. Discussion

Plaintiffs have objected to Judge Yanthis' conclusion that they had failed to establish that the loss of legislative salary was directly and proximately caused by the breach of contract – in other words, that Plaintiffs had not shown that Diederich would have won the election but for the breach. I review that conclusion *de novo*. Like Judge Yanthis, I find the evidence from Plaintiff's "expert" unpersuasive. The expert opined that Diederich would have won the election were it not for Defendants' failure to place the robocalls, but his opinion was purely subjective. It was not based on any empirical studies, analyses or data, but rather rested on his own personal preference for Diederich over Diederich's opponent, and generalities about the effectiveness of robocalls that were unmoored to any scientific, statistical or even anecdotal evidence. Diederich's own declarations likewise rested on his belief in his own message, not on any concrete evidence from which the Court could measure how effective robocalls – among the many factors that go into a voter's choice – would have been.

Plaintiffs in their objections ask the Court to take judicial notice of the fact that marketing sells products. The Federal Rules of Evidence provide that courts may take judicial notice of facts outside the trial record that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Such facts must either be "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*; *see Alvary v. United States*, 302 F.2d 790, 794 (2d Cir. 1962). Assuming I could take judicial notice of the fact that marketing can sell products, I cannot take judicial notice that a particular kind of marketing in a particular context

-4-

would sell a particular quantity of product, and I cannot take judicial notice that robocalls would have turned the election in Diederich's favor. Likewise, the article Plaintiff submits regarding the prevalence of robocalls does not establish anything about their effectiveness in general, let alone in the particular context of the race in which Diederich was a candidate, or provide information enabling me to quantify how the placement of the calls would have affected the result. Too many variables go into the outcome of elections for me to conclude that Diederich would necessarily have won had Defendants not breached the contract. In short, the declarations and the generalities of which I could take judicial notice are not the stuff of factual findings. I thus concur with Judge Yanthis that the record did not contain sufficient evidence from which one could conclude that Plaintiff had carried his burden, *see ATC Healthcare Servs., Inc. v. Pers. Solutions, Inc.*, No. 01 CV 762, 2006 WL 3758618, at *8 (E.D.N.Y. Dec. 19, 2006), of showing that he would have won the election had the robocalls been placed.

I have reviewed the remainder of the R&R for clear error and find none. Accordingly, I adopt it as the decision of the Court.

<u>Conclusion</u>

For the reasons stated above, the Clerk shall: 1) enter judgment for Plaintiff and against Defendants (jointly and severally) in the amount of $1,177, representing compensatory damages of $927 and incidental damages of $250; and 2) close the case. The Clerk shall mail a copy of this Order to Plaintiffs at the address on the docket sheet and to Defendants c/o Win Your Race LLC, 557 Woodview Drive, Longwood, FL 32779.

**SO ORDERED.**

Dated: February 10, 2011
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.